UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERNEST EDWARDS,

        Petitioner,

                                         CASE NO. 5:07-CV-12874
v.                               HONORABLE JOHN CORBETT O'MEARA

GERALD HOFBAUER,

        Respondent.

                                   /

## OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS*, AND (3) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.      Introduction**

Petitioner Ernest Edwards, a state prisoner currently incarcerated at the Marquette

Branch Prison in Marquette, Michigan, has filed a *pro se* petition for writ of habeas corpus

challenging an uttering and publishing conviction which was imposed in the Bay County Circuit

Court in 1986.[1]  Petitioner has not filed the $5.00 filing fee applicable to habeas corpus petitions,

*see* 28 U.S.C. § 1914(a), but seeks to proceed *in forma pauperis*.  Because Petitioner has been

enjoined from filing *in forma pauperis* lawsuits in this District without leave of court, and such

leave has not been requested nor granted, the Court denies the request to proceed *in forma*

*pauperis* and dismisses the habeas petition.  The Court also denies a certificate of appealability

and leave to proceed *in forma pauperis* on appeal.

**II.     Discussion**

---

[1]The precise factual and legal nature of Petitioner's claims is unclear because much of the habeas petition is illegible.

Petitioner has been a frequent filer of civil rights complaints and habeas corpus petitions

in this District.  In1996, District Judge Lawrence P. Zatkoff reviewed Petitioner's history of

filing complaints and petitions in this district.  *See Edwards v. Hofbauer*, No. 96-CV-74292-DT

(E.D. Mich. Oct. 31, 1996) ("Order Dismissing Complaint Under 28 U.S.C. § 1915(g) and

Enjoining Plaintiff from Filing Future Complaints Without Prior Authorization").  Judge Zatkoff

found that Petitioner's "history of unsubstantiated and vexatious litigation amounts to continued

abuse of his *in forma pauperis* status" and enjoined Petitioner from filing any additional *in forma*

*pauperis* lawsuits in this District without leave of court.  Judge Zatkoff ordered that any new

complaint or petition filed by Petitioner must be accompanied by:

> (1) an application for permission to file the pleading; and
>
> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they
> are not a repetition of plaintiff's previous complaints or petitions.

*Id.*[2]

Petitioner has failed to file the required application and affidavit in this matter.

Therefore, the Court finds that Petitioner is enjoined from filing this petition *in forma pauperis*

and his habeas petition should be dismissed.  *See, e.g., Edwards v. Jones*, 450 F. Supp. 2d 755,

756-57 (E.D. Mich. 2006) (dismissing prior habeas petition filed by Petitioner).

The Court further notes that the petition is largely illegible.  Consequently, the Court

cannot discern the factual or legal basis for Petitioner's habeas claims.  Federal courts are

authorized to dismiss any habeas petition that appears legally insufficient on its face.  *See*

---

[2]Petitioner has also been enjoined from filing repetitive habeas petitions in the United States
District Court for the Western District of Michigan.  *See Edwards v. Wisanger*, 2005 WL 2156419,
* 2 (W.D. Mich. Sept.6, 2005) (citing *Edwards v. Watson*, No. 1:02-mc-26 (W.D. Mich. Mar. 13,
2002)).

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rules Governing § 2254 Cases, Rule 4, 28

U.S.C. foll. § 2254); *Edwards*, 450 F. Supp. 2d at 756. The petition is therefore also subject to

dismissal for failure to state a claim upon which relief may be granted.

## III.     Conclusion

For the reasons stated, the Court concludes that Petitioner is enjoined from proceeding *in

forma pauperis* in this case, that his petition fails to state a claim for habeas relief, and that his

habeas petition must be dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of

appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of

the denial of a constitutional right in his habeas petition. No certificate of appealability is

warranted in this case nor should Petitioner be granted leave to proceed on appeal *in forma

pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**, that

Petitioner's request to proceed *in forma pauperis* is **DENIED**, and that a certificate of

appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


                                        s/John Corbett O'Meara
                                        United States District Judge


Dated:  July 13, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 13, 2007, by electronic and/or ordinary mail.


                                        s/William Barkholz
                                        Case Manager